## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: | CASE NO. 11-12806 |
| L.I.F.T. (LOUISIANA INSITUTE OF FILM TECHNOLOGY), LLC | CHAPTER 11 |
| | SECTION "B" |
| DEBTOR | |

### OBJECTION TO JOINT MOTION AND STIPULATION FOR ENTRY OF CONSENT ORDER

**NOW INTO COURT**, comes, Baldwin Haspel Burke & Mayer, LLC, unsecured creditor ("Creditor") herein who, with respect, represents:

1.

The Debtor filed a "Joint Motion and Stipulation for Consent Order" (Doc. 600) with the Louisiana Department of Revenue and the Louisiana Department of Economic Development which is a request to approve Settlement Agreements.

2.

Creditor objects to the extent that the Motion lacks sufficient information to evaluate the fairness of the terms and the effect on unsecured creditors; namely (1) the true market value of the tax credits to the Debtor is unknown and (2) the "Settlement Agreements" terms are non-disclosed.

3.

No evidence of the monetized value of the tax credits is presented in the Joint Motion. If the tax credits are not marketable then the Estate has a damage claim.

4.

Creditor has no way of knowing if the Settlement Agreements have any further monetary benefits or burdens to the Estate.

5.

The Joint Motion fails to undertake the appropriate analysis. Under applicable Fifth Circuit law, the proposed settlement agreement should be evaluated as "fair and equitable and in the best interest of the estate." *Conn. Gen. Life Ins. Co. v. United Cos. Fin. Corp. (Matter of Foster Mtg. Corp.),* 68 F.3d 914, 917 (5th Cir. 1996). In determining whether the proposed Settlement Agreement meet this standard, this Court should consider the following factors:

(a) the probability of success in litigation, with due consideration for the uncertainty in fact and law;

(b) the complexity and likely duration of the litigation and any attendant expense, inconvenience and delay; and

(c) all other facts bearing on the wisdom of the compromise, including, among other things, the best interest of creditors with proper deference to their expressed views, and whether the settlement was negotiated at arm's length.

*See Official Comm. Of Unsecured Creditors v. Cajun Elec. Power Coop., Inc. (Matter of Cajun Elec. Power Coop., Inc.)*, 119 F.3d 349, 356 (5th Cir. 1997).

**WHEREFORE**, Baldwin Haspel Burke & Mayer, LLC prays that its objection be maintained and for all other relief which is equitable.

Respectfully submitted,

**BALDWIN HASPEL BURKE & MAYER, LLC**

s/ Lance J. Arnold
**LANCE J. ARNOLD, Bar No. 18768**
3600 Energy Centre
1100 Poydras Street
New Orleans, Louisiana 70163
Telephone: (504) 569-2900
Facsimile: (504) 569-2099
*Attorney for Creditor,*
*Baldwin Haspel Burke & Mayer, LLC*